UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

UNIVERSITY OF MASSACHUSETTS,

    Plaintiff,

v.

JAMES M. ROBL and PHILIPPE COLLAS,

    Defendants.

---

04 11013 RGS

Case No. _____

MAGISTRATE JUDGE Alexander

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE 5/19/04

**NOTICE OF REMOVAL**

    The Defendants James M. Robl ("Robl") and Philippe Collas ("Collas") (collectively "Defendants") hereby exercise their rights under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this action from the Superior Court, Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts. The present case, styled *University of Massachusetts v. James M. Robl and Philippe Collas*, Civil Action No. 04-0445-BLS, was filed on February 2, 2004, and has not yet been tried. A true and correct copy of the Complaint is attached as Exhibit A.

    For the following reasons, removal to this Court is proper at this time:

    1. This action arises out of a dispute concerning inventions in the field of animal cloning and cell reprogramming. The Plaintiff, University of Massachusetts ("University" or "Plaintiff"), is seeking expectation damages resulting from its alleged inability to file, support, prosecute and obtain the issuance of patents that fully describe and disclose certain inventions. The Plaintiff further claims that at least some of the disputed inventions are the same as those contained in patent applications filed by the Defendants at the United States Patent and Trademark Office (the "USPTO"). Ascertaining the scope and content of these inventions

To determine whether any invention was made at the University, questions concerning conception, which has been defined as the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice and reduced to practice, must be resolved. What constitutes an invention is governed by 35 U.S.C. § 101. Thus, the issues raised in the Complaint, concerning the scope of any invention made at the University, on the one hand, and the scope of the inventions claimed in the patent applications filed with the USPTO, on the other hand, necessarily involve the determination of substantial questions of federal patent law.

### Diversity Jurisdiction

4. In determining whether complete diversity exists, the Court must consider the citizenship of all properly joined parties. *See* 28 U.S.C. § 1332(a). While the Complaint identifies the sole Plaintiff as University of Massachusetts, the real party in interest is an independent subdivision of the University, specifically the Office of Commercial Ventures and Intellectual Property ("CVIP"), which is responsible for "administering the development and commercialization of intellectual property through licensing or other arrangements." *See* Complaint ¶ 21. Upon information and belief, the CVIP is organizationally and financially autonomous from the University. Thus, both at the time the Complaint was filed in state court and at the time of removal, the University was a citizen of Massachusetts, per force the existence and status of the CVIP, the real party in interest.

5. The Complaint identifies Defendant Collas as an individual residing in Oslo, Norway. *See* Complaint ¶ 3. Both at the time the Complaint was filed in state court and at the time of removal, Defendant Collas was a citizen of France residing in Norway. The Complaint identifies Defendant Robl as an individual residing in Brandon, South Dakota. *See* Complaint ¶ 2. Both at

**WHEREFORE**, the Defendants respectfully request removal of this action from the Superior Court, Suffolk County, Massachusetts where it is now pending to this Court, that this Court accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, same as though this case had originally been instituted in this Court.

Respectfully submitted,

/s/ Thomas F. Holt, Jr.
Thomas F. Holt, Jr. (BBO# 238830)
Tara C. Clancy (BBO# 567020)
Amy B. Abbott (BBO# 648072)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, Massachusetts 02109
Tel: (617) 261-3100

Dated: May 19, 2004

## CERTIFICATE OF SERVICE

I, Amy B. Abbott, hereby certify that on May 19, 2004, I served a copy of the foregoing Notice of Removal by hand upon all attorneys of record.

*Amy B. Abbott* (signature)
Amy B. Abbott

BOS-675089 v4 0950000-0102