IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 MAY 26  P 3: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

UNIVERSITY OF MASSACHUSETTS,

Plaintiff,

v.

JAMES M. ROBL and PHILIPPE COLLAS,

Defendants.

---

CIVIL ACTION NO. 04-11013-RGS

---

## ANSWER OF DEFENDANTS
## JAMES M. ROBL AND PHILIPPE COLLAS

Defendants James M. Robl ("Robl") and Philippe Collas ("Collas") hereby answer the Complaint of Plaintiff University of Massachusetts ("UMass") as follows:

1.    Robl and Collas admit, upon information and belief, that UMass is a university organized under MASS. GEN. L. ch. 75. Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations set forth in paragraph 1 of the Complaint and therefore deny these allegations.

2.    Robl and Collas admit the allegations set forth in paragraph 2 of the Complaint.

3.    Robl and Collas admit that Collas is an individual residing in Oslo, Norway. Robl and Collas further state that Collas is a citizen of France.

4.    The allegations set forth in paragraph 4 of the Complaint are introductory in nature, to which no response is required. To the extent a response is required, Robl and Collas admit that UMass has brought this action for declaratory judgment under MASS. GEN. L. ch. 231A, breach of contract, intentional interference with contract, conversion, breach of duty,

and breach of the covenant of good faith and fair dealing. The remaining allegations in paragraph 4, relating to the term "inventions," constitute legal conclusions to which no response is required. To the extent that paragraph 4 states factual allegations, Robl and Collas deny those allegations.

5.    The allegations set forth in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 5 states factual allegations, Robl and Collas state that the phrase "the action arises out of agreements" is vague and undefined and are thus without knowledge or information sufficient to form a belief concerning the truth of these allegations, but state that the University of Massachusetts at Amherst Participation Agreement, signed by Robl on October 11, 1988, and the University of Massachusetts at Amherst Participation Agreement – Visiting Researcher, signed by Collas on June 27, 1999, are appended to the Complaint as Exhibits 2 and 3, respectively, and that these documents speak for themselves. Robl and Collas further state, upon information and belief, that the value of the inventions claimed in United States Patent Application Nos. 10/032,191 and 10/015,824, which UMass appears to seek a declaration that it is the sole and exclusive legal and beneficial owner of, exceeds $75,000. Robl and Collas deny the remaining allegations in paragraph 5 of the Complaint.

6.    The allegations set forth in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 6 states factual allegations, Robl and Collas state that the phrase "express written agreements" is vague and undefined and are thus without knowledge or information sufficient to form a belief concerning the truth of these allegations, but state that the University of Massachusetts at Amherst Participation Agreement, signed by Robl on October 11, 1988, and the University of

Massachusetts at Amherst Participation Agreement – Visiting Researcher, signed by Collas on June 27, 1999, are appended to the Complaint as Exhibits 2 and 3, respectively, and that these documents speak for themselves. Robl and Collas deny the remaining allegations in paragraph 6 of the Complaint.

7.    Robl and Collas admit that Robl was a professor at UMass from about September 1985 through about September 2000. Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations set forth in paragraph 7 of the Complaint and therefore deny these allegations.

8.    Robl and Collas, upon information and belief, generally admit the allegations in paragraph 8 of the Complaint.

9.    The allegations set forth in the first sentence of paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent that the first sentence in paragraph 9 states factual allegations, Robl and Collas deny those allegations. Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in the second sentence of paragraph 9 and therefore deny these allegations.

10.    The allegations set forth in paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 10 states factual allegations, Robl and Collas state that Section I(B) of the Intellectual Property Policy, which is appended to the Complaint as Exhibit 1, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 10 of the Complaint.

11.    The allegations set forth in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 11 states factual allegations, Robl and Collas state that Section III(B)(1) of the Intellectual Property Policy, which is appended to the Complaint as Exhibit 1, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 11 of the Complaint.

12.    The allegations set forth in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 12 states factual allegations, Robl and Collas state that the phrase "inventions at issue here" is vague and undefined and are thus without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 12 of the Complaint and therefore deny these allegations.

13.    The allegations set forth in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 13 states factual allegations, Robl and Collas admit that Robl signed the University of Massachusetts at Amherst Participation Agreement on October 11, 1998, which is appended to the Complaint as Exhibit 2, and state that this document speaks for itself. Robl and Collas deny the remaining allegations in paragraph 13 of the Complaint.

14.    The allegations set forth in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 14 states factual allegations, Robl and Collas state that the University of Massachusetts at Amherst Participation Agreement, which was signed by Robl on October 11, 1988 and which is appended to the Complaint as Exhibit 2, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 14 of the Complaint.

15.    The allegations set forth in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 15 states factual allegations, Robl and Collas admit that Collas signed the University of Massachusetts at Amherst Participation Agreement – Visiting Researcher – on June 27, 1999, which is appended to the Complaint as Exhibit 3, and state that this document speaks for itself. Robl and Collas deny the remaining allegations in paragraph 15 of the Complaint.

16.    The allegations set forth in paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 16 states factual allegations, Robl and Collas state that the University of Massachusetts at Amherst Participation Agreement – Visiting Researcher, which is appended to the Complaint as Exhibit 3, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 16 of the Complaint.

17.    The allegations set forth in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 17 states factual allegations, Robl and Collas state that the University of Massachusetts at Amherst Participation Agreement – Visiting Researcher, which is appended to the Complaint as Exhibit 3, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 17 of the Complaint.

18.    The allegations set forth in paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 18 states factual allegations, Robl and Collas state that the University of Massachusetts at Amherst Participation Agreement – Visiting Researcher, which is appended to the Complaint as Exhibit 3, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 18 of the Complaint.

19.    Robl and Collas state that the terms "University-funded research" and "field of cell reprogramming and cloning techniques" are vague and undefined and that Robl and Collas

5

are without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 19 and therefore deny these allegations but state that Robl was involved in research at UMass that was funded by the USDA.

20.    Robl and Collas admit that on November 23, 1998, Robl signed a form entitled Uniform Invention Disclosure Form at paragraph "16. Signature(s) of Inventor(s)," and that the "Title of Invention" listed on this form is "Reprogramming Nuclear Function in Somatic Cell Cytoplasm." Robl and Collas are without knowledge or information sufficient to form a belief concerning the "UMA" number that UMass assigned to this form.

21.    Robl and Collas, upon information and belief, admit that the University Office of Commercial Venture and Intellectual Property ("CVIP") has primary responsibility for administering the development and commercialization of intellectual property through licensing or other arrangements. Robl and Collas are without knowledge or information sufficient to form a belief concerning the "#UM" assigned to the Invention Disclosure or the date that the Invention Disclosure was "Received" by the CVIP office.

22.    Robl and Collas state that the term "field of cell reprogramming and cloning techniques" is vague and undefined and that Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 22 of the Complaint and therefore deny these allegations, but state that Collas was a Visiting Researcher at UMass in about 1999 – 2000 and that during this time, Collas advised at least three students who were working in Robl's laboratory; namely, Pedro Moreira, Jackie Bomar, and Amy Burnside, with at least some aspects of their respective thesis work and that, upon information and belief, any resulting thesis is in the possession of UMass.

6

23.     The allegations set forth in paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 23 states factual allegations, Robl and Collas state that the University of Massachusetts at Amherst Participation Agreement – Visiting Researcher, which is appended to the Complaint as Exhibit 3, speaks for itself. Robl and Collas deny the remaining allegations in paragraph 23 of the Complaint.

24.     Robl and Collas admit that on July 5, 2000, Robl signed a form entitled Uniform Invention Disclosure Form at paragraph "17. Signature(s) of Inventor(s)," that the "Title of Invention" listed on this form is "Reprogramming of somatic cell nuclei in vitro for use in nuclear transplantation," and that Robl, Collas, Pedro Moreira, and Jackie Bomar are listed under "Inventor's Name and Title" on page 1 of this form.

25.     Robl and Collas admit that on page 1 of the form entitled Uniform Invention Disclosure Form bearing number "#UMA01-02," there is an indication that this form was "Accepted" on July 7, 2000.

26.     To the extent the allegations set forth in paragraph 26 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 26 states factual allegations, Robl and Collas deny those allegations.

27.     To the extent the allegations set forth in paragraph 27 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 27 states factual allegations, Robl and Collas state that the term "certain agreements" is vague and undefined and that Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 27 of the Complaint and therefore deny these allegations.

28.     Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 28 of the Complaint and therefore deny these allegations.

29.     Robl and Collas admit that within the Uniform Invention Disclosure Form signed by Robl on November 23, 1998, Robl responded "Advanced Cell Technology, Inc. has expressed an interest" to question 6, that Robl responded "I am a consultant and stock holder in Advanced Cell Technology, Inc." to question 6A, and that within the Uniform Invention Disclosure Form assigned #UMA 01-02, Robl was identified as having "equity in ACT and is a consultant" in response to question 7. Robl and Collas deny the remaining allegations in paragraph 29 of the Complaint.

30.     Robl and Collas deny the allegations in paragraph 30 of the Complaint.

31.     To the extent the allegations set forth in paragraph 31 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 31 states factual allegations, Robl and Collas state that the terms concerning "Robl's employment" and "direct financial interest" are vague and undefined and that Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of these allegations and therefore deny these allegations. Robl and Collas further state that Robl participated in the formation and/or operation of Hematech, Nucleotech, and Aurox and that Collas participated in the formation and/or operation of Nucleotech. Robl and Collas further state that Hematech, Aurox, and Nucleotech have some common owners and/or officers and directors and that Robl and Collas, including any related entity of either, have an ownership interest in one or more of these corporations. Robl and Collas deny the remaining allegations in paragraph 31 of the Complaint.

8

32.     Robl and Collas generally admit the allegations in the first sentence of paragraph 32 of the Complaint and deny the remaining allegations in paragraph 32 of the Complaint.

33.     Robl and Collas state that James Barton is Managing Member of Nucleotech, LLC and that Philippe Collas is the Chief Scientific Officer of Nucleotech, LLC. Robl and Collas generally admit the remaining allegations in paragraph 33 of the Complaint.

34.     To the extent the allegations set forth in paragraph 34 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 34 states factual allegations, Robl and Collas admit that James Barton is the CEO of Aurox LLC, that Aurox LLC and Hematech LLC have entered into a license regarding certain cloning technology, and that Robl and Collas are involved with scientific research on behalf of Aurox. Robl and Collas deny the remaining allegations in paragraph 34 of the Complaint.

35.     Robl and Collas admit that in about September, 2000, Robl resigned as a professor at UMass.

36.     Robl and Collas admit that on December 22, 2000, a United States provisional patent application entitled "Methods For Cloning Mammals Using Reprogrammed Donor Chromatin" was filed naming Collas and Robl as the Applicants, that this application was assigned serial number 60/258,151 by the United States Patent and Trademark Office ("USPTO"), that Application Number 10/032,191 claims the benefit of the filing date of United States provisional patent application 60/258,151, that Application Number 10/032,191 entitled "Methods for Cloning Mammals Using Reprogrammed Donor Chromatin or Donor Cells" names Collas, Robl, Eddie Sullivan, and P. Kasinathan as the Applicants, that Application Number 10/032,191 is under examination in the USPTO and has been assigned to Aurox, LLC. Robl and

Collas deny they had any obligation to inform or seek permission from UMass before filing this application and deny the remaining allegations in paragraph 36 of the Complaint.

37.    Robl and Collas admit that on December 22, 2000, a United States provisional patent application entitled "Methods For Altering Cell Fate" was filed naming Collas as the Applicant, that this application was assigned serial number 60/258,152 by the United States Patent and Trademark Office ("USPTO"), that Application Number 10/015,824 claims the benefit of the filing date of United States provisional patent application 60/258,152, that Application Number 10/015,824 entitled "Methods For Altering Cell Fate" names Collas and Robl as the Applicants, that Application Number 10/015,824 is under examination in the USPTO and has been assigned to Nucleotech, LLC. Robl and Collas deny they had any obligation to inform or seek permission from UMass before filing this application and deny the remaining allegations in paragraph 37 of the Complaint.

38.    Robl and Collas admit the allegations in paragraph 38 of the Complaint.

39.    Robl and Collas admit, upon information and belief, that on January 30, 2001, James M. Barton sent E. Bradley Moynahan, Ph.D. a letter regarding "Patent Applications" and state that this document speaks for itself. Robl and Collas further state that, upon information and belief, a copy of the provisional application referenced in the letter was sent to Dr. Moynahan on May 3, 2001. Robl and Collas deny the remaining allegations in paragraph 39 of the Complaint.

40.    Robl and Collas admit the application entitled "Methods for Altering Cell Fate" is not identified in Mr. Barton's January 30, 2001 letter to E. Bradley Moynahan, Ph.D. Robl and Collas deny the remaining allegations in paragraph 40 of the Complaint.

41.    To the extent the allegations set forth in paragraph 41 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 41 states factual allegations, Robl and Collas deny the allegations in paragraph 41 of the Complaint.

42.    To the extent the allegations set forth in paragraph 42 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 42 states factual allegations, Robl and Collas deny the allegations in paragraph 42 of the Complaint.

43.    Robl and Collas admit that a Business Wire news story dated October 28, 2003 is appended to the Complaint as Exhibit 4 and state that this document speaks for itself. Robl and Collas deny the remaining allegations in paragraph 43 of the Complaint.

44.    Robl and Collas admit that Robl participated in preparing the form entitled Uniform Invention Disclosure Form and assigned #UMA 01-02 and that Robl, Collas, Pedro Moreira, and Jackie Bomar are listed under "Inventor's Name and Title" on page 1 of this form. Robl and Collas state that "2. Description of the Invention" includes the complete text provided with this form, which text speaks for itself.

45.    To the extent the allegations set forth in paragraph 45 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 45 states factual allegations, Robl and Collas state that the documents referenced in paragraph 45 of the Complaint speak for themselves and deny the remaining allegations in paragraph 45 of the Complaint.

46.    To the extent the allegations set forth in paragraph 46 of the Complaint constitute legal conclusions, no response is required. To the extent that paragraph 46 states factual allegations, Robl and Collas state Robl does not have any laboratory notebooks wherein he

11

recorded any research results and that Collas does not have any laboratory notebooks wherein he recorded any research results of any work he performed at UMass. Robl and Collas state the term "University-supported research" is vague and undefined and deny the remaining allegations in paragraph 46 of the Complaint.

47.    The allegations set forth in paragraph 47 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 47 states factual allegations, Robl and Collas deny those allegations.

48.    The allegations set forth in paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 48 states factual allegations, Robl and Collas admit that, in accordance with 37 CFR 1.211, the application entitled Methods for Altering Cell Fate" was published in the United States on October 3, 2002 and that, in accordance with 37 CFR 1.211, the application entitled "Methods for Cloning Mammals Using Reprogrammed Donor Chromatin" was published in the United States on March 6, 2003. Robl and Collas deny the remaining allegations in paragraph 48 of the Complaint.

49.    The allegations set forth in paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent that paragraph 49 states factual allegations, Robl and Collas deny those allegations.

## Count I

### (Declaratory Judgment, M.G.L. c.231A)

50.    Robl and Collas repeat, reallege, and incorporate by reference paragraphs 1 through 49 of this Answer, as if fully set forth herein.

12

51.    To the extent the allegations set forth in paragraph 51 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 51 of the Complaint.

52.    To the extent the allegations set forth in paragraph 52 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 52 of the Complaint.

53.    To the extent the allegations set forth in paragraph 53 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 53 of the Complaint.

54.    To the extent the allegations set forth in paragraph 54 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 54 of the Complaint.

## Count II

### (Breach of Contract:  Specific Performance, Injunctive Relief, and Damages)

55.    Robl and Collas repeat, reallege, and incorporate by reference paragraphs 1 through 54 of this Answer, as if fully set forth herein.

56.    To the extent the allegations set forth in paragraph 56 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 56 of the Complaint.

57.    To the extent the allegations set forth in paragraph 57 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 57 of the Complaint.

58.    To the extent the allegations set forth in paragraph 58 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 58 of the Complaint.

59.    To the extent the allegations set forth in paragraph 59 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 59 of the Complaint.

60.    To the extent the allegations set forth in paragraph 60 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 60 of the Complaint.

61.    To the extent the allegations set forth in paragraph 61 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas state the term "subject matter of the agreements" is vague and undefined and are without knowledge or information sufficient to form a belief concerning whether such agreements are "unique."

62.    To the extent the allegations set forth in paragraph 62 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 62 of the Complaint.

63.    To the extent the allegations set forth in paragraph 63 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 63 of the Complaint.

## Count III

### (Intentional Interference with Contract and Prospective Contractual Relations)

64.    Robl and Collas repeat, reallege, and incorporate by reference paragraphs 1 through 63 of this Answer, as if fully set forth herein.

65.    To the extent the allegations set forth in paragraph 65 of the Complaint constitute legal conclusions, no response is required.  To the extent that a response is required, Robl and Collas deny the allegations in paragraph 65 of the Complaint.

66.    To the extent the allegations set forth in paragraph 66 of the Complaint constitute legal conclusions, no response is required.  To the extent that a response is required, Robl and Collas deny the allegations in paragraph 66 of the Complaint.

67.    To the extent the allegations set forth in paragraph 67 of the Complaint constitute legal conclusions, no response is required.  To the extent that a response is required, Robl and Collas deny the allegations in paragraph 67 of the Complaint.

68.    To the extent the allegations set forth in paragraph 68 of the Complaint constitute legal conclusions, no response is required.  To the extent that a response is required, Robl and Collas deny the allegations in paragraph 68 of the Complaint.

## Count IV

### (Conversion)

69.    Robl and Collas repeat, reallege, and incorporate by reference paragraphs 1 through 68 of this Answer, as if fully set forth herein.

15

70.    To the extent the allegations set forth in paragraph 70 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 70 of the Complaint.

71.    To the extent the allegations set forth in paragraph 71 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 71 of the Complaint.

72.    To the extent the allegations set forth in paragraph 72 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 72 of the Complaint.

## <u>Count V</u>

### (Breach of Duty)

73.    Robl and Collas repeat, reallege, and incorporate by reference paragraphs 1 through 72 of this Answer, as if fully set forth herein.

74.    To the extent the allegations set forth in paragraph 74 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas admit they have unique technical knowledge and deny the remaining allegations in paragraph 74 of the Complaint.

75.    To the extent the allegations set forth in paragraph 75 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 75 of the Complaint.

76.    To the extent the allegations set forth in paragraph 76 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and

Collas state that Section III(B) of the University of Massachusetts at Amherst Intellectual Property Policy, which is appended to the Complaint as Exhibit 1, speaks for itself, and deny the remaining allegations in paragraph 76 of the Complaint.

77.     To the extent the allegations set forth in paragraph 77 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 77 of the Complaint.

78.     To the extent the allegations set forth in paragraph 78 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas are without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 78 of the Complaint and therefore deny the allegations in paragraph 78 of the Complaint.

79.     To the extent the allegations set forth in paragraph 79 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 79 of the Complaint.

80.     To the extent the allegations set forth in paragraph 80 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 80 of the Complaint.

81.     To the extent the allegations set forth in paragraph 81 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 81 of the Complaint.

## Count VI

### (Breach of the Covenant of Good Faith and Fair Dealing)

82.     Robl and Collas repeat, reallege, and incorporate by reference paragraphs 1 through 81 of this Answer, as if fully set forth herein.

83.     To the extent the allegations set forth in paragraph 83 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 83 of the Complaint.

84.     To the extent the allegations set forth in paragraph 84 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 84 of the Complaint.

85.     To the extent the allegations set forth in paragraph 85 of the Complaint constitute legal conclusions, no response is required. To the extent that a response is required, Robl and Collas deny the allegations in paragraph 85 of the Complaint.

### Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim against either Robl or Collas upon which relief can be granted.

### Second Affirmative Defense

Any invention incorporated in the Invention Disclosure entitled "Reprogramming Nuclear Function in Somatic Cell Cytoplasm" and " Reprogramming of Somatic Cell Nuclei In Vitro for Use in Nuclear Transplantation" has been abandoned by UMass.

18

### Third Affirmative Defense

Plaintiff has waived, in whole or in part, the claims raised in the complaint.

### Fourth Affirmative Defense

Plaintiff is barred from recovery, in whole or in part, by the applicable statutes of limitations.

### Fifth Affirmative Defense

Plaintiff's contract claims are barred because Plaintiff has failed to satisfy conditions precedent to the enforcement of the written agreements at issue.

### Sixth Affirmative Defense

Plaintiff is barred from recovery by the statute of frauds.

### Seventh Affirmative Defense

Plaintiff is barred from recovery by the doctrine of unclean hands.

### Eighth Affirmative Defense

Plaintiff is barred from recovery because defendants have fully performed any and all obligations and/or duties that they owed to plaintiff in accordance with the terms of the parties' written agreements.

### Ninth Affirmative Defense

Plaintiff is barred from recovery because defendants have at all times acted in a manner consistent with their rights and responsibilities under the terms of the parties' final written agreements.

### Tenth Affirmative Defense

Plaintiff's contract claims are barred for lack of consideration.

### Eleventh Affirmative Defense

Plaintiff is barred from recovery to the extent that the acts complained of were done with the knowledge and consent of the Plaintiff.

### Twelfth Affirmative Defense

Plaintiff is barred from recovery by application of the parol evidence rule.

### Thirteenth Affirmative Defense

Plaintiff is barred from recovery in whole or in part because the Plaintiff failed to mitigate the alleged harm or damages.

### Fourteenth Affirmative Defense

Plaintiff is barred from recovery, in whole or in part, by the equitable doctrine of laches.

### Fifteenth Affirmative Defense

Plaintiff is barred from recovery in whole or in part by the doctrines of assumption of risk, contributory negligence, and/or comparative fault.

### Sixteenth Affirmative Defense

Plaintiff is barred from recovery to the extent that any harm suffered by Plaintiff was caused by the acts or omissions of third parties for whom Robl and Collas are not responsible.

### Seventeenth Affirmative Defense

Plaintiff's tort claims are barred because Robl and Collas do not owe and did not breach any legal duty to Plaintiff.

### Eighteenth Affirmative Defense

Plaintiff is barred from recovery by the doctrine of estoppel.

### Nineteenth Affirmative Defense

Plaintiff is barred from recovery because the inventions claimed in United States Patent Application Nos. 10/032,191 and 10/015,824 are not protected under the University of Massachusetts' Intellectual Property Policy.

### Twentieth Affirmative Defense

Plaintiff is barred from recovery to the extent that Robl and Collas did not proximately cause any of the Plaintiff's alleged harm, injuries, or damages.

### Twenty-First Affirmative Defense

Plaintiff is barred from recovery to the extent that Plaintiff has failed to demonstrate any of the prerequisites necessary to support the issuance of injunctive relief in the instant action.

### Twenty-Second Affirmative Defense

Plaintiff is barred from relief because its claims are not ripe.

### Twenty-Third Affirmative Defense

Plaintiff is barred from relief because it is not the real party in interest to this proceeding.

### Twenty-Fourth Affirmative Defense

Robl and Collas hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve the right to amend their answer and assert such defenses.

WHEREFORE, Robl and Collas respectfully request that this Court

(a)     Enter judgment in favor of Robl and Collas on all counts of the Complaint;

(b)     Award Robl and Collas its costs and expenses, including reasonable attorneys' fees, incurred in this action;

(c)     Award Robl and Collas such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Defendants Robl and Collas hereby demand a trial by jury.

JAMES M. ROBL AND PHILIPPE COLLAS,

By their attorneys,

Thomas F. Holt, Jr. (BBO# 238830)
Tara C. Clancy (BBO# 567020)
Amy B. Abbott (BBO# 648072)
75 State Street
Boston, MA 02109
(617) 261-3100

Dated: May 26, 2004

## CERTIFICATE OF SERVICE

I, Amy B. Abbott, hereby certify that on May 26, 2004, I served a copy of the foregoing Answer of Defendants James M. Robl and Philippe Collas by hand delivery upon Heidi E. Harvey, Esq., Fish & Richardson PC, 225 Franklin Street, Boston, MA 02110.

Amy B. Abbott